UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK CHAPMAN,                    :
                                  :CIVIL ACTION NO. 3:13-CV-0885
        Plaintiff,                :
                                  :(JUDGE CONABOY)
        v.                        :
                                  :
JERRY CHAON and TEREX,            :
CORPORATION,                      :
                                  :
        Defendants.               :
                                  :

_____

**MEMORANDUM**

Here we consider Terex Corporation's Motion for Summary Judgment (Doc. 20) filed on June 30, 2014, and accompanied by a supporting brief (Doc. 21).[1]  Defendant's statement of material facts is filed as part of its motion.  (Doc. 20 at 3-6.)  Plaintiff filed his answer to the statement of material facts (Doc. 26) and opposition brief (Doc. 27) on August 14, 2014, after having requested and received an extension of time within which to do so (Docs. 22, 23).  Defendant filed its reply brief on August 28, 2014.  (Doc. 28.)  Therefore, this matter is fully briefed and ripe for disposition.  For the reasons discussed below, we conclude Defendant's motion is properly granted.

**I. Background**

Plaintiff Frank Chapman ("Plaintiff") was injured in a workplace incident that occurred at a jobsite located on State

_____

[1]  Terex Corporation is the only remaining Defendant in this case, Defendant Jerry Chaon having been dismissed by stipulation on April 10, 2014.  (Doc. 19.)

Route 6 in Tunkhannock Township, Pennsylvania.  (Def.'s St. Mat. Facts ¶ 1, Doc. 20 at 3; Pl.'s Ans. St. Mat Facts ¶ 1, Doc. 26 at 1.)  At the time, Plaintiff was an operating engineer for Fahs Construction and was at the jobsite preparing for a deck pour. (Def.'s St. Mat. Facts ¶¶ 2-3, Doc. 20 at 3; Pl.'s Ans. St. Mat Facts ¶¶ 2-3, Doc. 26 at 1.)  The machine used for the job was a piece of new equipment--a Terex Bid-well 3600 bridge paver-- recently sold to Fahs Construction.  (Def.'s St. Mat. Facts ¶ 4, Doc. 20 at 3; Pl.'s Ans. St. Mat Facts ¶ 4, Doc. 26 at 1.) Defendant avers that Plaintiff has operated a sister machine many times previously and reported that he knew how to operate the Bid-well 3600.  (Def.'s St. Mat. Facts ¶ 5, Doc. 20 at 4.)  Plaintiff admits he had operated a sister machine but states that his location at the bottom of the ladder was necessitated by the need for him to see what Defendant's representative was doing so he would be fully informed with respect to all aspects of the new equipment.  (Pl.'s Ans. St. Mat Facts ¶ 5, Doc. 26 at 2.)  As part of the sale of the new equipment, Defendant includes one visit from the Service Department to assist in orienting and training the crew.  (Def.'s St. Mat. Facts ¶ 6, Doc. 20 at 4; Pl.'s Ans. St. Mat Facts ¶ 6, Doc. 26 at 2.)  At the time of the incident, Jerry Chaon was at the jobsite commissioning the new machine.  (Def.'s St. Mat. Facts ¶ 7, Doc. 20 at 4; Pl.'s Ans. St. Mat Facts ¶ 7, Doc. 26 at 2.)

2

When asked a question about a control on the machine, to answer the question appropriately Mr. Chaon climbed the vertical ladder affixed to the machine to access the operator's console. (Def.'s St. Mat. Facts ¶ 9, Doc. 20 at 4; Pl.'s Ans. St. Mat Facts ¶ 9, Doc. 26 at 2.)  Defendant avers that when Mr. Chaon was on the second to top rung of the ladder affixed to the machine and approximately 7-8 feet above the ground, he slipped and fell. (Def.'s St. Mat. Facts ¶ 10, Doc. 20 at 4.)  Plaintiff maintains that the precise height from which Mr. Chaon fell is disputed. Pl.'s Ans. St. Mat Facts ¶ 10, Doc. 26 at 2.)

Mr. Chaon reported at his deposition testimony that immediately prior to his fall, he was reaching for the next rung, his hand came off and he found himself with both hands in the air and his "fanny taking [him] in the other direction."  (Def.'s St. Mat. Facts ¶ 11, Doc. 20 at 5; Pl.'s Ans. St. Mat Facts ¶ 11, Doc. 26 at 2.)  Defendant maintains no one knows what caused Mr. Chaon to fall (Def.'s St. Mat. Facts ¶ 12, Doc. 20 at 5); Plaintiff avers his inattentiveness was at least one factor that precipitated the fall (Pl.'s Ans. St. Mat Facts ¶ 12, Doc. 26 at 2).  When he fell, his back hit Plaintiff in the face.  (Def.'s St. Mat. Facts ¶ 13, Doc. 20 at 5; Pl.'s Ans. St. Mat Facts ¶ 13, Doc. 26 at 2.) Plaintiff lost consciousness and was taken from the scene to the hospital.  (Def.'s St. Mat. Facts ¶ 18, Doc. 20 at 6; Pl.'s Ans. St. Mat Facts ¶ 18, Doc. 26 at 3.)  Mr. Chaon was also injured in

the fall and was taken to the hospital.  (Def.'s St. Mat. Facts ¶ 19, Doc. 20 at 6;  Pl.'s Ans. St. Mat Facts ¶ 19, Doc. 26 at 3.)

At the time of the incident, Plaintiff was standing at the base of the ladder, waiting to go up the ladder next.  (Def.'s St. Mat. Facts ¶ 14, Doc. 20 at 5; Pl.'s Ans. St. Mat Facts ¶ 14, Doc. 26 at 2.)  Defendant states that Plaintiff knew Mr. Chaon was climbing the ladder, saw his foot on the first rung, then looked away.  (Def.'s St. Mat. Facts ¶ 15, Doc. 20 at 5.)  Plaintiff denies this, asserting Defendant's statement that Plaintiff was looking away is taken out of context: immediately after Plaintiff's testimony that he was looking away, he indicated that he was looking in Mr. Chaon's direction at the time Mr. Chaon struck him. (Pl.'s Ans. St. Mat Facts ¶ 15, Doc. 26 at 3.)  Immediately before Mr. Chaon's back came into contact with Plaintiff's face, Plaintiff was looking up to see if Mr. Chaon was clear because "you don't enter a ladder until another man is off it."  (Def.'s St. Mat. Facts ¶ 16, Doc. 20 at 5; Pl.'s Ans. St. Mat Facts ¶ 16, Doc. 26 at 5.)

## II. Dicsussion

### A. Summary Judgment Standard

Summary judgment is appropriate when the movant demonstrates there is no "genuine issue as to any material fact."  Fed. R. Civ. P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an

4

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

The initial burden is on the moving party to show an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citations omitted). The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Id.* at 325. The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56 to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give

5

rise to a genuine issue. *Id.* at 324.

Where underlying facts are in dispute, the facts are viewed in the light most favorable to the plaintiff. *Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 267 (3d Cir. 2001) (citing *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 854 N.1 (3d Cir. 1990). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255. Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

## B. Defendant's Motion

Defendant asserts that summary judgment in its favor is appropriate in this case because Defendant neither owed nor breached any duty to Plaintiff and, therefore, it cannot be held liable for Plaintiff's injuries and damages in this negligence action. (Doc. 21 at 5-12.) We conclude Plaintiff has not provided sufficient evidence for a jury to find liability on the part of Defendant.

The parties agree that Pennsylvania law applies in this case. (Doc. 21 at 6-7; Doc. 27 at 13.) In Pennsylvania, the elements of a cause of action based on negligence are:

> (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable

6

risks;

(2) defendant's failure to conform to the standard required;

(3) a causal connection between the conduct and the resulting injury;

(4) actual loss or damage to the plaintiff.

*R.W. v. Manzek*, 888 A.2d 740 (Pa. 2005) (citations omitted).   The Supreme Court of Pennsylvania has noted that "'[t]he primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff.'"   *Shamnoski v. PG Energy*, Div. of Southern Union Co., 858 A.2d 589, 6002-03 (Pa. 2004) (quoting *Althaus, ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1168 (Pa. 2000)).   "The question of whether a duty exists is a legal one, 'assigned in the first instance to the trial court and subject to plenary appellate review.'"   *Shamonski*, 858 A.2d at 603 (quoting *Sharpe v. St. Luke's Hosp.*, 821 A.2d 1215, 1219 (Pa. 2003)).   "[W]hether there has been a neglect of such duty is generally for the jury."   *Emerich v. Philadelphia Ctr. for Human Dev., Inc.*, 720 A.2d 1032, 1044 (Pa. 1998).

> In determining the existence of a duty of care, it must be remembered that the concept of duty amounts to no more than "the sum total of those considerations of policy which led the law to say that the particular plaintiff is entitled to protection" from the harm suffered. . . . To give it any greater mystique would unduly hamper our system of jurisprudence in adjusting to the changing times.  The late Dean Prosser expressed this view as follows:

7

> These are shifting sands, and no
> fit foundation.  There is a duty if
> the court says there is a duty; the
> law, like the Constitution, is what
> we make it.  Duty is only a word
> with which we state our conclusion
> that there is or is not to be
> liability; it necessarily begs the
> essential question.  When we find a
> duty, breach and damage, everything
> has been said.  The word serves a
> useful purpose in directing
> attention to the obligation to be
> imposed upon the defendant, rather
> than the causal sequence of events;
> beyond that it serves none.  In the
> decision whether or not there is a
> duty, many factors interplay: The
> hand of history, our ideas of
> morals and justice, the convenience
> of administration of the rule, and
> our social ideas as to where the
> loss should fall.  In the end the
> court decides whether there is a
> duty based on the mores of the
> community, always keeping in mind
> the fact that we endeavor to make a
> rule in each case that will be
> practical and in keeping with the
> general understanding of mankind.

*Althaus*, 756 A.2d at 1168-69 (quoting *Sinn v. Burd*, 404 A.2d 672,
681 (1979) (citing Prosser, Palsgraf Revisited, 52 Mich. L. Rev. 1,
14-15 (1953))).  *Althaus* identified relevant factors.

> The determination of whether a duty exists in
> a particular case involves the weighing of
> several discrete factors which include: (1)
> the relationship between the parties; (2) the
> social utility of the actor's conduct; (3)
> the nature of the risk imposed and
> foreseeability of the harm incurred; (4) the
> consequences of imposing a duty upon the
> actor; and (5) the overall public interest in
> the proposed solution.

8

756 A.2d at 1169 (citations omitted).

Defendant asserts that here there is no duty and no breach. (Doc. 21 at 8.)  Defendant maintains that Jerry Chaon was climbing a ladder and accidentally slipped and fell--"[t]here is no evidence that Mr. Chaon was careless or acted in an unreasonable manner [and] no evidence that Mr. Chaon's fall was intentional."  (*Id.*) Defendant further maintains that the mere happening of an accident does not impose liability and that no legal duty should be imposed on Terex or Mr. Chaon because it was not foreseeable that Mr. Chaon would fall off the machine and injure himself and Plaintiff: "It was an accident and plaintiff has no evidence to the contrary." (Doc. 21 at 11 (citation omitted).)

Plaintiff maintains that the facts of this case indicate Defendant owed a duty to Plaintiff, asserting that Defendant conflates the concept of duty with the assertion that Defendant was not negligent.  (Doc. 27 at 16.)  Plaintiff states that Defendant

> could have a duty toward Chapman.  Such duty rests upon:
>
> > The responsibility which each person bears to exercise care in his conduct to avoid unreasonable risk of harm to another.  As a general rule, 'anyone who does an affirmative act is under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act.' Restatement (Second) of Torts s 302, Comment a at 82 (1965). . . . *See*, *generally*, W. Prosser, Torts

9

s 53 (4th ed. 1971).

(Doc. 27 at 18) (quoting *Suchomajcz v. Hummel Chemical Co.*, 524
F.2d 19, 24 (3d Cir. 1975); citing Restatement (Second) of Torts §
324A (1965)).  Plaintiff further avers that the doctrine of *res
ipsa loquitor* supports the denial of summary judgment.  (Doc. 27 at
29-31.)

Defendant replies that Plaintiff's assertions regarding duty
and the application of *res ipsa loquitor* are without merit.  (Doc.
28.)  Defendant also asserts that, assuming *arguendo* Plaintiff
could identify a duty, there is no evidence of unreasonable or
careless action.  (*Id.* at 8.)

Plaintiff raises three bases to support a finding that
Defendant owed him a duty.  The first two bases are related:
Plaintiff maintains that an individual's "interest in bodily
integrity dictates that another individual in close proximity has
an affirmative duty to refrain from conduct harmful to those close
by."  (Doc. 27 at 15 (citing Restatement (Second) of Torts § 281).)
Plaintiff also refers to the duty identified in Restatement
(Second) of Torts § 302, comment a: "anyone who does an affirmative
act is under a duty to others to exercise the care of a reasonable
man to protect them against an unreasonable risk of harm to them
arising out of the act."  (Doc. 27 at 18.)

Assuming Defendant had a duty to exercise the care of a
reasonable man in climbing the ladder so as to avoid injury to

10

anyone standing at or near the base of the ladder, we agree with Defendant that Plaintiff has shown no evidence of a breach of that duty.  (*See* Doc. 28 at 12.)  Without citation, Plaintiff lists nine precautions Mr. Chaon should have been cognizant of when climbing the ladder.  (Doc. 27 at 19-20.)  Plaintiff does not point to evidence that Mr. Chaon was not cognizant of these precautions or that failure to adhere to these precautions related to his fall.[2] Nor does Plaintiff point to any authority to support a proposition that failure to adhere to a proposed precaution would support a finding of negligence.[3]

To the extent Plaintiff is asserting that Mr. Chaon had a duty to refrain from climbing the ladder when Plaintiff was standing at its base or had a duty to warn Plaintiff not to stand at the base, we would find such an assertion similarly unsupported.  (Doc. 27 at

---

[2] Some of Plaintiff's proposed precautions relate to the length and location of the ladder and use of top steps of the ladder.  (Doc. 27 at 19.)  Because the ladder at issue is permanently affixed to a paving machine as a means of access to certain areas of the machine, no evidence suggests these considerations would be relevant as this is not a products liability/defective design case.

[3] Plaintiff posits that it is for the jury to determine whether Mr. Chaon exercised the requisite caution in his affirmative duty to refrain from harmful conduct.  (Doc. 27 at 15.) Whether Mr. Chaon exercised caution would be for the jury *if* there were evidence that he did not.  Plaintiff points to no such evidence.  As discussed in the text, a list of precautions applicable to the climbing of ladders, without more, does not constitute evidence.  It is well-established that a jury's verdict cannot be based on mere conjecture.  *Amon v. Shemanka*, 214 A.2d 238, 239 (Pa. 1965) (citation omitted).

11

18.)  This conclusion applies to Plaintiff's argument proffered both in the context of the general principles set out above (*id.*) and in the context of obligations of one subcontractor to another (*id.* at 23-26).

First, we note that some of the parties' assertions regarding the relationship between Mr. Chaon and Mr. Chapman do not accurately reflect the record.  Defendant's averment that Mr. Chaon was not instructing Mr. Chapman (Doc. 21 at 9) is not consistent with the fact that Mr. Chaon was at the site because Defendant includes one visit from the Service Department to assist in orienting and training the crew as part of the sale of the new equipment.  *See supra* p. 2.  Plaintiff's statement that Defendant should have provided Plaintiff with binoculars to view what Mr. Chaon was doing from a safer distance if Defendant thought Plaintiff's proximity to the machine was unreasonable infers that Mr. Chaon was training or instructing Mr. Chapman at the time of the fall (Doc. 27 at 18), an inference that is not consistent with the facts of the case.  The record shows that Plaintiff was waiting his turn to climb the ladder to join Mr. Chaon in the control area of the machine after Plaintiff had asked a question about a control on the machine and, to answer the question appropriately, Mr. Chaon climbed the vertical ladder affixed to the machine to access the operator's console.  *See supra* pp. 2, 4.

Because facts show that Plaintiff was standing at or near the

12

base of the ladder of his own volition for the purpose of waiting his turn to climb the ladder and no evidence or authority suggests this presented an unreasonable risk to Plaintiff, we find no basis to conclude Defendant a duty to warn Plaintiff not to stand there.[4]

Plaintiff's argument that Defendant owed Plaintiff a duty as one subcontractor to another (Doc. 27 at 14-29) is also unavailing. Even if we assume that the stated principles of subcontractor liability apply, Plaintiff presents no basis for finding a duty and/or breach in the context of potentially applicable restatement provisions.

Restatement (Second) of Torts § 384, "Liability of Persons Creating Artificial Conditions on Land on Behalf of Possessor for Physical Harm Caused While Work Remains in Their Charge," provides the following:

> One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge.

Restatment (Second) of Torts § 384 (1965).  Restatement (Second) of Torts § 343, "Dangerous Conditions Known to or Discoverable by

---

[4]  Positioning an individual at the base of a ladder is a practice sometimes recommended in the context of ladder safety rules.  *See* https://engineering.purdue.edu/AAE/InfoFor/Safety/laddersafety.

Possessor," provides the following:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>>
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
>>
>> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

Plaintiff does not specifically identify how these provisions apply to the facts of this case. Rather, he generally avers that two Pennsylvania Supreme Court cases outlining workers' responsibilities to one another "are apposite to the situation in the case at bar." (Doc. 27 at 26.) In the first case, *MacKenzie v. Cost Brothers*, 409 A.2d 362 (Pa. 1979), an employee for a subcontractor at a construction site was unable to complete the installation of a precast concrete block weighing nine hundred pounds (known as a lintel) by the end of the workday on Friday. 409 A.2d at 363. "The lintel was not left in the flush position, but rather supported by a brick. No mortar was placed to secure the lintel to the brick nor to seal the void between the lintel and the wall. . . . No notice of the condition was posted." *Id.* He

14

planned to complete the installation on the next scheduled workday, Monday. *Id.* On Saturday, the plaintiff stepped on the unstable lintel and fell, sustaining serious injury. *Id.* The Pennsylvania Supreme Court held that, under the theory of sections 384 and 343, the evidence provided a basis for presenting the dispute for resolution by a jury. *Id.* at 364.

In *Stringent v. Lastik Products Co.*, 155 A.2d 625 (Pa. 1959), the Pennsylvania Supreme Court held that the liability of one subcontractor to the employee of another was a jury question where the plaintiff fell through a hole in a roof which had been left unguarded when smaller holes had been curbed or barricaded. *Id.* at 625. In analyzing the case, the court compared the facts with those of other cases involving a plaintiff's fall into a hole. 155 A.2d at 626-27.

We cannot conclude that the findings of the Pennsylvania Supreme Court are apposite to the case at bar given the disparate facts. Here there is no hole, no suggestion that a dangerous condition was left unattended, or that a dangerous condition existed at all. As noted previously in the margin, this is not a products case and there is no suggestion that the machine on which Mr. Chaon was climbing was dangerous. Given the facts of this case, we conclude Plaintiff has presented no basis upon which a jury could find Defendant liable under the theory of sections 384 and 343.

15

Finally, we reject Plaintiff's assertion that the doctrine of *res ipsa loquitor* applies in this case.  (Doc. 27 at 29-31.)  The doctrine allows the inference that a defendant's negligence caused the harm to the plaintiff only when:

> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
>
> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>
> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Restatement (Second) of Torts § 328D (1965).

Plaintiff does not directly apply these elements to the facts of the case but equates falling human beings with the application of the doctrine in cases where a plaintiff is injured by falling objects, asserting that the proof necessary to establish negligence in these cases need only be slight.  (Doc. 27 at 30.)  We do not find that the cited cases present the suggested support: *Quinn v. Funk Building Corp.*, 263 A.2d 458 (Pa. 1970), is not a *res ipsa loquitor* case, the plaintiff was injured when bar joists gave way and, together with bundles of decking, fell on the plaintiff, and testimony showed that the bundles of decking were not properly placed on the joists; in *Doerflinger v. Davis*, 194 A.2d 897 (Pa. 1963), the Pennsylvania Supreme Court held that *res ipsa loquitor* did not apply where a box six feet high and two and one-half feet

16

wide left standing on the floor beside an aisle in a store fell on the plaintiff's head and shoulder although, given the dangerous condition of the huge box by the aisle, the evidence was sufficient to take the case to the jury; in *Garber v. Great Atlantic & Pacific Tea Co.*, 155 A.2d 346 (Pa. 1959), the Pennsylvania Supreme Court did not base its finding on *res ipsa loquitor* but found sufficient evidence for the case to go to a jury where the plaintiff was injured by a can which fell from a display and evidence indicated the cans were stacked in a dangerous manner and their construction would make them likely to fall.  In each of these cases, some evidence suggested wrongdoing on the part of the defendant, i.e., participation in the creation of a dangerous sitation.

As discussed above, Plaintiff has presented no evidence which suggests that Mr. Chaon did not exercise caution when climbing the ladder or that he engaged in any unsafe practice; there is no evidence that Defendant participated in creating a dangerous situation.  Defendant's citation to *Johnson v. Walker*, 559 A.2d 947 (Pa. Super. Ct. 1988), regarding the impropriety of finding fault based on a plaintiff's injury in an accident points to the problem with Plaintiff's position.  None of the cases cited by Plaintiff presents an analogous situation in that here the fall could have occurred without any negligence on the part of Defendant.  As the court found in *Aceto v. Legg*, No. 9060, 1990 WL 254934 (Mass. App. Div. Nov. 8, 1990), a fall "is a familiar phenomenon in human experience attributable to losing one's balance, tipping or a

myriad of other common causes not involving tortious conduct." *Id.*
at *2. *Aceto* noted that the plaintiff's fall was dissimilar to
events in *res ipsa loquitor* cases which involve the fall of
unexplained objects or material debris. *Id.*

In the absence of evidence suggesting that Plaintiff's
injuries were caused by a lack of due care on the part of
Defendant, no reasonable juror could find that Defendant is liable
for the harm suffered by Plaintiff.  While it is not necessary
under Pennsylvania law "that every fact or circumstance point
unerringly to liability[,] . . . there must be sufficient facts for
the jury to say reasonably that the preponderance favors
liability." *Garber*, 155 A.2d at 347-48.  The fact that Mr. Chaon
fell is insufficient to defeat summary judgment.  As noted above,
it is axiomatic that the mere occurrence of an accident is not
evidence of negligence. *See Amon v. Shemanka*, 214 A.2d 238, 239
(Pa. 1965) ("[T]he mere happening of an accident or an injury does
not establish negligence nor raise an inference or a presumption of
negligence nor make out a prima facie case of negligence.")
(citations omitted).

### III. Conclusion

For the reasons discussed above, we conclude Defendant's
Motion for Summary Judgment (Doc. 20) is properly granted.  An
appropriate Order is entered simultaneously with this Memorandum.


Date: September 9, 2014       S/Richard P. Conaboy
                             RICHARD P. CONABOY
                             United States District Judge